UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENDRICK D. FRIERSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 22-CV-0141-CVE-CDL |
| STEVEN HARPE,[1] | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Kendrick Frierson, an Oklahoma prisoner appearing through counsel, petitions for a writ of habeas corpus, under 28 U.S.C. § 2254. He claims the criminal judgment entered against him in the District Court of Tulsa County, Case No. CF-2012-811, was obtained in violation of his constitutional right to due process because the state did not have jurisdiction to prosecute him for crimes that he committed in Indian country given that he is "a member of the Choctaw Nation with a blood quantum of one sixty-fourth (1/64)." Dkt. # 2, at 16.[2] Respondent Steven Harpe moves to dismiss the petition, asserting that this claim is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Having considered the petition (Dkt. # 2), the motion to dismiss and brief in support (Dkt. ## 6, 7), and the response in opposition to the motion to dismiss (Dkt. # 8), the Court agrees that the sole claim raised in the petition is untimely. The

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Steven Harpe, the current Director of the Oklahoma Department of Corrections (ODOC), in place of Scott Crow, the ODOC's former director, as party respondent. The Clerk of Court shall note on the record this substitution.

[2] For consistency, the Court's citations refer to the CM/ECF header pagination.

Court therefore grants the motion to dismiss and dismisses the petition, with prejudice, as barred by the one-year statute of limitations.

## I.

Over a decade ago, on June 18, 2012, Frierson entered negotiated guilty pleas, in Tulsa County District Court Case No. CF-2012-811, and was convicted of burglary, robbery with a firearm, possession of a firearm while under Department of Corrections supervision, and resisting arrest. Dkt. # 2, at 10-11; Dkt. # 7, at 1-2; Dkt. # 7-2. The trial court sentenced Frierson according to the plea agreement, ordered his sentences to be served concurrently, and scheduled a May 24, 2013, hearing for judicial review. Dkt. # 7-1, at 3; Dkt. # 7-2; Dkt. # 7-3, at 19. Frierson did not move to withdraw his pleas within ten days of sentencing, a precondition to seeking direct review of his convictions by filing a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA). Dkt. # 2, at 1; Dkt. # 7, at 2; see Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006) (applying Oklahoma law related to appeal process for criminal defendants who plead guilty). On May 24, 2013, the trial court modified Frierson's sentences.

Over seven years later, in December 2020, Frierson filed an application for postconviction relief, asserting the same claim he raises in the petition. Dkt. # 7-4. The state district court denied the application in November 2021, and the OCCA affirmed the denial in March 2022. Dkt. ## 7-6, 7-9.

Frierson filed the instant federal habeas petition on March 28, 2022. Dkt. # 2, at 1.

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), state prisoners have one year from the latest of four triggering events to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A)-(D). As relevant in this case, the one-year limitation period is triggered by "the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).[3]  The one-year limitation period is tolled during the time that "a properly filed application for State post-conviction relief or other collateral review with respect to the judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But this statutory tolling provision applies only if the prisoner files the application for postconviction relief or other collateral review before the one-year limitation period expires. Clark, 468 F.3d at 714.

Applying § 2244(d)(1)(A), Frierson's claim is untimely.  Because Frierson did not move to withdraw his guilty pleas or file a certiorari appeal in the OCCA, his judgment became final on June 28, 2012, ten days after his sentencing. Gonzalez, 565 U.S. at 150; Clark, 468 F.3d at 713; see also Scott v. State, 734 P.2d 326, 328 (Okla. Crim. App. 1987) (concluding that appellant's convictions pursuant to guilty pleas became final within ten days of sentencing because he neither "withdrew his pleas or timely appealed the convictions").  Frierson's one-year limitation period began to run the next day, June 19, 2012, and, absent any tolling events, expired on June 19, 2013. See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (noting that one-year limitation period begins to run the day after the judgment and sentence is final); United States v. Hurst, 322 F3d 1256, 1260 (10th Cir. 2003) (discussing calculation of one-year limitation period).  Frierson

---

[3] Frierson contends his judgment is "void" and thus never became final for purposes of triggering the one-year limitation period under § 2244(d)(1)(A). Dkt. # 2, at 12-14; Dkt. # 8, at 1-5.  The Court rejects that argument below, see infra, p. 4.  But Frierson does not allege any facts, either in the petition or the response to the dismissal motion, suggesting that his one-year limitation period was triggered by any of the events described in § 2244(d)(1)(B)-(D). Dkt. ## 2, 8.  The Court thus considers timeliness only under § 2244(d)(1)(A).

did not file any tolling motions during this one-year period. Dkt. # 7-3, at 22-42. As a result, Frierson filed the instant petition almost nine years after his one-year limitation period expired.[4]

Frierson nevertheless contends that the statute of limitations does not preclude habeas review of his claim that the state had no jurisdiction to prosecute him for crimes he committed in Indian country. As previously noted, Frierson relies on the alleged merits of this claim to argue that his judgment is "void" and that his conviction therefore never became final for purposes of triggering the one-year limitation period under § 2244(d)(1)(A). Dkt. # 2, at 12-14; Dkt. # 8, at 1-5. This argument lacks merit. The United States Court of Appeals for the Tenth Circuit has "clearly explained that challenges to the convicting court's jurisdiction are considered due process challenges, subject to AEDPA's limitations period." Lamarr v. Nunn, No. 22-6063, 2022 WL 2678602, at *2 (10th Cir. July 12, 2022) (unpublished).[5] Frierson also briefly suggests that applying the statute of limitations "would in effect violate the Suspension Clause of the U.S. Const., art. I, § 9, cl. 2." Dkt. # 8, at 4-5. This argument too lacks merit. See Long v. Miller, 541 F. App'x 800, 802 (10th Cir. 2013) ("[T]he claim that AEDPA's limitations period violates the Suspension Clause has been squarely rejected by this court."). Frierson thus presents no persuasive arguments to support his opposition to Harpe's dismissal motion.

---

[4] The AEDPA's statute of limitations is subject to equitable tolling in extraordinary circumstances, Holland v. Florida, 560 U.S. 631, 649 (2010), and an equitable exception in rare cases when a prisoner credibly shows he or she is actually innocent, McQuiggin v. Perkins, 569 U.S. 383, 391-95 (2013). But Frierson does not argue that either equitable tolling or the equitable exception applies. Dkt. ## 2, 8.

[5] In Lamarr, the Tenth Circuit rejected the same argument Frierson presents here. See Lamarr, 2022 WL 2678602, at *2 (rejecting as "meritless" appellant's argument "that because the state trial court lacked jurisdiction to convict him [because he is Native American and committed crimes in Indian country], his conviction was never "final" and therefore, AEDPA's time limitations period does not apply and cannot bar his habeas petition"). The Court finds Lamarr particularly persuasive and cites it for that reason. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

### III.

Based on the foregoing analysis, the Court concludes that review of the sole claim asserted in the petition for writ of habeas corpus is barred by the one-year statute of limitations. The Court therefore grants Harpe's motion to dismiss and dismisses with prejudice Frierson's petition for writ of habeas corpus. Further, because reasonable jurists would not debate the procedural dismissal of the petition, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); see Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall note on the record the substitution of Steven Harpe in place of Scott Crow as party respondent;

2. the motion to dismiss (Dkt. # 6) is **granted**;

3. the petition for writ of habeas corpus (Dkt. # 2) is **dismissed with prejudice** as barred by the one-year statute of limitations;

4. a certificate of appealability is **denied**; and

5. a separate judgment shall be entered in this matter.

**DATED** this 27th day of January, 2023.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE